924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOHNNY WAYNE LAFORCE, Defendant-Appellant.
 No. 90-5783
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: January 8, 1991
Decided: February 11, 1991
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-89-109-A)
 ARGUED: Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant.
 Ray Burton Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 ON BRIEF: E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellee.
 Before WIDENER, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Wayne LaForce appeals from a conviction after a jury trial of unlawful possession of a firearm in violation of 18 U.S.C. Sec. 922(g). On appeal, LaForce contends that the trial court erred in not suppressing evidence of the involved .45 caliber revolver found in a motel room pursuant to what LaForce characterizes as an illegal search. He also argues that evidence concerning ammunition found in his pockets after his arrest cannot support his conviction because he was indicted for possession of a firearm, not for possession of ammunition.
 
 
 2
 * On July 5, 1989, three deputy sheriffs obtained an arrest warrant for LaForce and proceeded to the Fincastle Motel in Tazewell, Virginia, where they were told he could be found. The desk clerk there advised one of the deputies that a person matching LaForce's description had been staying in Room 118. The motel records reflected, however, that the room was rented to a "Sheila LaForce." The clerk told the officers that the woman, together with her child, had recently exited the room but that the man was probably still there. Approaching the room, one of the deputies saw LaForce through the window and realized that LaForce also saw him. The deputies forced open the door, pinning LaForce to the wall with the door. They identified themselves, arrested LaForce, and took him to their car in the parking lot opposite the room. The deputies testified that one of them had remained in the doorway of the motel room, while the other two escorted LaForce to the car. During a body search of LaForce, the officers uncovered three clips of .45 caliber ammunition. According to the testimony, the searching officer then called back to the officer remaining in the doorway and informed him of the live ammunition. At that point, after having "visually scanned" the room, the officer in the motel room opened a blue "tote" bag by unzipping it and found the .45 caliber weapon.
 
 II
 
 3
 LaForce contends that the search was unreasonable. However, we find that LaForce has no standing to object to the search of the motel room and, therefore, we do not reach his contentions concerning the reasonableness of the search.
 
 
 4
 Sheila LaForce was married to, but separated from, LaForce's brother. She had been dating LaForce for some time and, according to the testimony of both of them, they had gone to the motel room on the evening of July 4, 1989, together with her father and her infant child. Sheila LaForce registered for the room, renting it in her name. LaForce testified that he had no personal effects in the room, but that he had spent the night there. Both of them also testified that the "tote" bag which was searched and where the weapon was found belonged to Sheila, that the gun likewise belonged to her, as did the rest of the contents of the bag, primarily consisting of infant wear, toiletries, etc.
 
 
 5
 LaForce concedes these basic facts, but maintains that he has a privacy interest in the room.[1] We disagree. Though the district court made no findings of fact in support of his denial of LaForce's motion to suppress evidence of the gun, the evidence in our view is capable of only one interpretation-that Sheila LaForce was the only adult person on July 5 connected to Room 118 who possessed an expectation of privacy. She had registered for the room and she possessed, aside from the motel furnishings, the only contents in the room. Thus, we conclude that LaForce's mere presence in the room did not establish an expectation of privacy and, therefore, he lacks standing to object to the search of the bag and the seizure of the weapon. See Rakas v. Illinois, 439 U.S. 128, 148 (1978); United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir.), cert. denied, 484 U.S. 837 (1987); United States v. Irizarry, 673 F.2d 554, 556 (1st Cir. 1982).
 
 
 6
 In view of this holding, it is unnecessary to reach the question of whether the ammunition, in and of itself, was sufficient to support the jury verdict of guilty.
 
 The judgment of the district court is
 
 7
 AFFIRMED.
 
 
 
 [1]
 It is well settled that in order to challenge on Fourth Amendment grounds the use of evidence at one's trial, one must demonstrate "a legitimate expectation of privacy in the area searched." United States v. Salvucci, 448 U.S. 83, 92 (1980)